IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CLARK ROGERS                                                                                    PLAINTIFF

V.                                                            CIVIL ACTION NO. 2:09CV058-M-A

SAIA MOTOR FREIGHT                                                                      DEFENDANT

**ORDER**

Before the court are two motions:

1. defendant's motion to dismiss all of plaintiff's claims against defendant as a sanction for plaintiff's allegedly "intentionally and knowingly presenting materially false information to the defendants and this court . . . .," Docket 30, p.3, and

2. plaintiff's "motion" not to dismiss, requesting that the court deny defendant's motion to dismiss and allow plaintiff's claims to proceed to trial.[1] Docket 32

.
The grounds for the motions are that *pro se* plaintiff Clark Rogers has knowingly made intentional misrepresentations to the court in his pleadings, disclosures and discovery responses. Docket 30, p.3. As a result, the defendant asks that the court close the plaintiff's case and foreclose plaintiff's ability to seek damages for his claims against the defendant under the court's power to sanction a party to a lawsuit in order to achieve proper, orderly and expedient resolution of cases on its docket. *See Dautriel v. Colgan Air, Inc.,* 2009 WL 604144 (W.D. La), citing

---

[1]The plaintiff's motion, although entitled "motion not to dismiss," is effectively a response to defendant's motion to dismiss. Defendant filed a reply/response on May 5, 2010. Docket 33. Therefore the court finds that the motions are now fully briefed, respectively, and ripe for decision.

1

*Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed.2d 27 (1991).

The plaintiff's motion/response to the motion to dismiss does not deny that there may have been some misrepresentation relating to the accident that gives rise to this case, but suggests that the misrepresentations were relating to the other two "front seat" passengers in the vehicle, "Errik and Ciarra" and not his own actions or the actual manner in which the accident occurred. Docket 32, p.1 - 2.[2]

The plaintiff has been made aware, both by court order and verbally in telephone conversations with court staff, that despite his *pro se* status he is required to comply with the Federal Rules of Civil Procedure and the Local Rules of this court. *See Hassell v. U.S.*, 203 F.R.D. 241, 245 (N.D. Tex. 1999); *Perkins v. U.S.*, 314 F. Supp. 2d 664, 670 (E.D. Tex. 2004) ("Plaintiffs' *pro se* status does not excuse them from complying with federal statutes, rules of civil procedure, or local rules of court"). It is understood that the court will allow substantial leeway where a *pro se* party is involved in an action. Nevertheless, all parties, whether represented by counsel or not, are still obligated to comply with all court rules and participate in all court conferences and in their obligations under the rules of the court in dealings with both the court and other parties.

The defendant's motion was filed on February 16, 2010. The trial in this case is set for June 14, 2010, and a final pretrial conference is set for May 13, 2010. Although the trial judge

---

[2]The accident giving rise to this case occurred on December 7, 2007, when a freight truck owned by defendant collided with a vehicle as it was making a right turn onto Hacks Cross Road in Olive Branch, Mississippi. Docket 2. There were three individuals in the car: Ciarra Jackson, Errik Rodgers and plaintiff Rodgers. The other two passengers filed suit in May 2008, Civil Action No. 2:08cv84-M-A. That case was dismissed with prejudice by stipulation of the parties on September 25, 2009. Docket 77, Civil Action No 2:08cv84-M-A. The instant case was filed six months later on March 30, 2009. Docket 1.

entered an order on April 29, 2010 requiring that the plaintiff file a written response to the defendant's motion, the plaintiff had already mailed a response which was docketed just prior to the trial judge's Order. Docket Nos. 31 & 32. Subsequently the court rescinded the April 29, 2010 Order. Docket Text Order dated April 30, 2010.

While generally a motion to dismiss is filed under Rule 12 of the Federal Rules of Civil Procedure, the defendant's motion is not a typical request for dismissal on procedural grounds, but rather a motion for dismissal of the plaintiff's claims as a sanction for the plaintiff's "attempt to perpetrate a fraud on the court." Docket 30, p.4. The defendant cites *Dautrial v. Colgan Air, Inc.,* 2009 WL 604144 (W.D. La) and *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 111 S. Ct. 2123, 115 L. Ed 2d 27 (1991) for the proposition that courts have in inherent power to sanction a party to "achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 111 S. Ct. 2123, 115 L. Ed 2d 27 (1991). Although this is undoubtedly true, that power is not without responsibility and "must be exercised with restraint and discretion." *Id.,* at 501 U.S. 32, 45.

The court clearly has discretion in deciding whether to order sanctions against a party for failing to act properly in court proceedings. Allowable sanctions encompass a broad range, including (1) awarding monetary sanctions, (2) excluding witnesses or evidence, (3) directing that the specific facts be stipulated or established for purposes of the trial, (4) prohibiting a party who disobeys a court order from supporting or opposing designated claims or defenses, (5) striking pleadings in whole or in part; or (6) the most severe sanction – dismissal of claims. *Gonzalez v. Trinity Marine Group, Inc.* 113 F.3d 894, 898 (5th Cir. 1997); Rules 37 & 41, Fed.R.Civ.P. Nevertheless, it is also the court's duty to impose the least severe sanctions

necessary to achieve its objective. *Thomas v. Capital Sec. Servs., Inc.*, 836 f.2d 866 (5th Cir. 1988). To dismiss the claims of a *pro se* plaintiff absent a "clear record of delay or contumacious conduct by the plaintiff," is not generally favored. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).

In this case there is evidence that the plaintiff has not been candid in his representation of the facts relating to the accident or in his filings with the court or dealings with opposing counsel.[3] Nevertheless, upon consideration of plaintiff's response to the motion to dismiss, the court concludes that the sanction requested by the defendant is not appropriate at this time. Issues of credibility or veracity of a party or a witness are within the purview of a jury. *Brown v. Ford Motor Co.*, 479 F.2d 521, 523 (5th Cir. 1973), citing *Boeing Co. v. Shipamn*, 411 F.2d 365 (5th Cir. 1969), *overruled on unrelated grounds*, *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 336- 38 (5th Cir.1997) (en banc ); *see also McMullin v. Palmer*, 40 F. R. D. 368 (N.D. Miss. 1966); *C. & R. Stores v. Scarborough*, 196 So.2d 650 (Miss. 1940). Accordingly, the defendant's motion to dismiss is denied. Plaintiff's motion not to dismiss is construed as a response to the motion to dismiss and is thus terminated as a pending motion in this case.

**SO ORDERED**, this, the 10th day of May, 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[3]The court has been apprised through several docket entries in this case and Civil Action No. 2:08cv84-M-A, that there are significant factual inconsistencies.

4